Form ordreaf



B. McKay Mignault, Chief Bankruptcy Judge
United States Bankruptcy Court

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
Dated: November 25th, 2020

| IN RE: | CASE NO. 1:20−bk−10043 |
|---|---|
| Ricky Allen Hunter, II and Kerri Domonic Hunter | CHAPTER: 7 |
| Debtor(s) | JUDGE: B. McKay Mignault |

### ORDER ON REAFFIRMATION AGREEMENT

At Beckley on the 19th day of November, 2020.

Appearances:  ☐ Debtor        ☐ Creditor, by:
              ☐ Joint Debtor  ☐ Trustee
              ☒ Counsel for the Debtor(s) Michael Magan

On this day came the parties for a hearing on the reaffirmation agreement in the amount of $22,387.58 filed October 5, 2020 between the above Debtor(s) and Carvana, LLC.

☐ Upon discussion and review, **IT IS ORDERED** that the aforementioned reaffirmation agreement involves a consumer debt involving real property and does not require Court approval and the Debtor(s) have been advised of their rights.

☐ Upon discussion and review, the Court determined that the aforementioned reaffirmation agreement should be approved. **IT IS ORDERED** that the above referenced reaffirmation agreement is hereby approved and that the Debtor(s) may rescind this reaffirmation agreement within the time established under 11 U.S.C. Section 524(c)(2).

☒ Upon discussion and review, the Court determined that the aforementioned reaffirmation agreement should not be approved. **IT IS ORDERED** that the above referenced reaffirmation agreement is hereby disapproved for the reason(s) listed below:

  ☐ Reaffirmation agreement does not contain all required information.
  ☐ Reaffirmation agreement is not signed by the Debtor(s)/Creditor.
  ☒ Reaffirmation agreement/cover sheet indicates an undue hardship and the Debtor(s) or Creditor have provided insufficient evidence to prove otherwise.
  ☒ Interest rate 10% or higher.
  ☐ Other:

☒ It is further noted that the Debtor(s) have complied fully with the provisions of 11 U.S.C. §§ 521(a) and 362(h) in seeking to be permitted to reaffirm this debt and may continue to make payments to the Creditor to attempt to satisfy the obligation. Further, because the Court, and not the Debtor(s), have rejected the reaffirmation agreement, **IT IS ORDERED** that the aforementioned creditor may not commence foreclosure proceedings unless the Debtor(s) fall behind in payments or some other default occurs that State law recognizes as cause to give the Creditor the right to issue a notice of right to cure default. As such, the Court finds that the

provisions of 11 U.S.C. §§ 362(h), 521(a)(6) and 521(d), do not apply, such that the Creditor may not exercise any rights under those provisions. Thus, **IT IS ORDERED** that the property remains property of the estate, that the automatic stay remains in place with respect to the property until such time as the stay terminates under 11 U.S.C. § 362(c) or (d), that the Debtor(s) are not obligated to turn over possession of the property to the Creditor, and that the Creditor may not exercise remedies as the result of default under any *ipso facto* clause contained in the loan agreement. *See In Re Chim*, 381 B.R. 191 (Bankr. D. Md. 2008); *In Re Husain*, 364 B.R. 211 (Bankr.E.D. Va. 2007); *In Re Wilson*, No. 1:12−bk−00172, 2012 Bankr. LEXIS 2896 (Bankr. N.D.W.V. June 26, 2012).